OPINION
{¶ 1} Defendant-appellant Farin Beach appeals his conviction and sentence in the Stark County Court of Common Pleas on one count of robbery, in violation of R.C. 2911.02(A)(2). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The following evidence was adduced at trial in this matter: On October 27, 2005, appellant and a friend were given a ride to the Giant Eagle store in Alliance, Ohio by Shannon Holm and Sylvia Wayne. Appellant entered the store, obtained two cases of beer and several cartons of cigarettes, leaving without paying.
 {¶ 3} Detective Mucklo of the Alliance Police Department was working security for the store at the time. Mucklo observed appellant leave the store without paying, and followed him into the parking lot. In the parking lot, Detective Mucklo witnessed appellant get into the back of a Kia sedan, leaving the two cases of beer outside of the car. Mucklo heard "muffled" yelling, and observed appellant choking Sylvia Wayne in an effort to get her to drive away. Both Wayne and Shannon Holm were able to get out of the vehicle. Appellant then jumped into the front seat and attempted to drive away, but Holm reentered the car and took the keys.
 {¶ 4} Holm testified at trial, appellant put his hands around Sylvia Wayne's neck and told her to go. Wayne testified appellant put his arm around her neck, not his hands. Appellant eventually let go, and Wayne was able to get out of the vehicle.
 {¶ 5} Holm testified at the most two to three minutes elapsed from the time appellant came to the car and she got the keys.
 {¶ 6} On December 9, 2005, appellant was indicted on two counts of robbery, in violation of R.C. 2911.02(A)(2), and one count of abduction, in violation of R.C. 2905.02(A)(2). Following a jury trial, appellant was found guilty of one count of robbery, and not guilty of abduction. The jury could not reach a decision as to the second count of robbery, and the charge was dismissed. The trial court sentenced appellant to four years incarceration.
 {¶ 7} Appellant now appeals, assigning as error:
 {¶ 8} "I. THE VERDICT OF THE TRIAL COURT CONVICTING APPELLANT OF ROBBERY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND NOT SUPPORTED BY SUFFICIENT EVIDENCE."
 {¶ 9} Appellant's sole argument asserts his conviction is against the manifest weight and sufficiency of the evidence. Specifically, appellant argues the testimony of two witnesses was inconsistent as to whether he put his arm around Sylvia Wayne's neck or his hands.
 {¶ 10} In State v. Jenks (1981), 61 Ohio St.3d 259, 574 N.E.2d 492, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held: "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at paragraph two of the syllabus.
 {¶ 11} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment." State v. Thompkins, 78 Ohio St.3d 380,387, 678 N.E.2d 541, 1997-Ohio-52, citing State v. Martin (1983), 20 Ohio App.3d 172, 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230, 227 N.E.2d 212, syllabus 1.
 {¶ 12} Appellant was convicted of one count of robbery, in violation of R.C. 2911.02(A)(2), for using force against Sylvia Wayne immediately after fleeing from and committing a theft in Giant Eagle. The statute reads:
 {¶ 13} "(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
 {¶ 14} * * *
 {¶ 15} "(2) Inflict, attempt to inflict, or threaten to inflict physical harm on another;
 {¶ 16} Upon review, as stated above, Detective Mucklo testified at trial he observed appellant leaving the Giant Eagle store with two cases of beer, without having paid for them. Mucklo further observed appellant put his hands around Sylvia Wayne's neck, choking her. Testimony at trial further established appellant either put his arm or his hands around Wayne's neck, telling her to go and flee the scene.
 {¶ 17} Accordingly, the evidence presented at trial was sufficient to support appellant's conviction on one count of robbery. Appellant does not dispute he committed a theft offense, and the evidence demonstrates appellant inflicted or attempted to inflict physical harm upon Sylvia Wayne while fleeing immediately after committing the theft offense.
 {¶ 18} Appellant's conviction in the Stark County Court of Common Pleas is affirmed.
By: Hoffman, J., Wise, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, appellant's conviction in the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.